

AUSA Mark Chasteen (313) 226-9555

# United States District Court

Eastern Judicial District of Michigan

**United States of America**
v.
Dedric Higginbotham
Detroit, Michigan

Case: 2:09-mj-30339
Judge: Unassigned,
Filed: 08-06-2009 At 02:25 PM
DEDRIC HIGGINBOTHAM (SJ)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On July 9, 2009, in Wayne County in the Eastern Judicial District of Michigan, defendant(s),

Having been a person convicted of a felony, to wit: felony Conspiracy to Possess for Sale Narcotics Drugs and Attempted Possession of Narcotics Drugs, did knowingly possess firearms, to wit: a Ruger, .45 caliber, blue steel handgun, serial number 66345257 and the Derringer, .38 caliber handgun, serial number PR0871, which has traveled in or affected interstate commerce; and did knowingly possess with intent to distribute a controlled substance, namely cocaine base and also possessed the Ruger firearm in furtherance of the aforementioned drug trafficking crime.

in violation of Title 18 United States Code, Sections 922(g)(1) and 924(c) and Title 21 United States Code, Section 841(a)(1), state that I am a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives, and that this complaint is based on the following facts on the attached affidavit.

Continued on the attached sheet and made a part hereof: Yes X  No __

Signature of Complainant
Jarrod A. Marsh ATF

Sworn to before me and subscribed in my presence,

August 6, 2009          Detroit, Michigan
_____ at  _____
      Date                  City and State

Steven Whalen
U.S. Magistrate Judge

_____          _____
Name & Title of Judicial Officer          Signature of Judicial Officer

AFFIDAVIT

I, Jarrod A. Marsh, being sworn, depose and state the following:

1. I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

2. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives since June 13, 2004. I have been involved in numerous investigations of violations of federal firearms and narcotic laws.

3. I am currently investigating Dedric HIGGINBOTHAM, year of birth 1969, for violations of federal firearm and narcotic laws.

4. On July 7, 2009, Detroit Police Officer Keith McCloud, assigned to the Detroit Police Department's Narcotics Enforcement Section, debriefed a source of information (herein after referred to as a SOI). The SOI advised Officer McCloud that HIGGINBOTHAM was a mid-level narcotics trafficker that supplies a neighborhood in Southwest Detroit, commonly known as Delray. The SOI advised Officer McCloud that while on the premises of, what was later identified as 611 S. Green, Detroit, Michigan, HIGGINBOTHAM was observed to be in possession of a large quantity of cocaine and heroin.

5. On July 8, 2009, Officer McCloud established surveillance on 611 S. Green. During the surveillance Officer McCloud observed, on at least five (5) occasions, black males to arrive at 611 S. Green separate and independent of each other. Upon their arrival, Officer McCloud observed that each of the black males were empty handed. Officer McCloud observed each of the black males enter 611 S. Green via the front door. After being inside of 611 S. Green for less than five minutes, Officer McCloud observed the black males exit the premises. Officer McCloud observed that two (2) of the black males were carrying black plastic grocery style bags when they exited the premises. Officer McCloud observed the black males leave the area in the manner in which they arrived. Officer McCloud followed one (1) of the black males, which he described as being in his forties and carrying a black plastic grocery style bag. The black male went directly from 611 S. Green to 435 Cottrell Detroit, Michigan. As the black male was entering 435 Cottrell, Officer McCloud called out to him, "yall on yet". The black male responded to Officer McCloud's question by stating, "yeah I just got on from my man" and then removed, from the black plastic grocery style bag, a clear freezer

style bag that contained individual smaller ziplocks of suspected cocaine and marijuana. The black male invited Officer McCloud in to 435 Cottrell, but he stated that he would come back later. Officer McCloud concluded his surveillance of 611 S. Green after observing HIGGINBOTHAM exit the premises and drive off in a gray, 2006, Range Rover/SUV, four door, MI plate 9HLF11. Based on his training and experience, Officer McCloud believed that the activity he observed, while on surveillance, was consistent with that of narcotics trafficking.

6. On July 9, 2009, Officer McCloud, based on information that was provided to him by the SOI and his own investigation, obtained a state search warrant for the 1st dwelling south of 605 Green which is 611 S. Green, Detroit, Michigan. HIGGINBOTHAM was listed as, also to be searched, in the search warrant. While members of the Detroit Police Department's Narcotics Enforcement Section were enroute to 611 S. Green, HIGGINBOTHAM was observed, by pre-raid surveillance, leaving the location and using keys to secure the front security door. HIGGINBOTHAM was detained as he drove from the location, by members of the arriving raid crew. While HIGGINBOTHAM was being detained, the remaining members of the raid crew served the search warrant at 611 S. Green. The raid crew secured the premises and found no one inside. A search of the premises was conducted. Confiscated from off of kitchen counter tops and in open view were: (1) Ruger, .45 caliber, blue steel handgun, serial number 66345257, loaded with a magazine and (8) live rounds, approximately 6.0 grams of suspected crack cocaine, approximately 8.4 grams of suspected marijuana, (1) digital scale and miscellaneous narcotics packaging materials. Confiscated from a kitchen cabinet was: (1) Derringer, .38 caliber handgun, serial number PR0871 loaded with (2) live rounds. Confiscated from HIGGINBOTHAM'S person were: (3) different keys to the doors of 611 S. Green and $742.00 in US currency. HIGGINBOTHAM'S Gray, 2006, Range Rover/SUV, four door, MI plate 9HLF11 was confiscated and impounded. HIGGINBOTHAM was subsequently arrested on state narcotics and firearm violations. The suspected narcotics were conveyed to the Detroit Police Department/Narcotics Prisoner Processing Unit. The suspected cocaine had a gross weight of 6.0 grams and had a positive Travnikoff Field Test for the presence of cocaine. The suspected marijuana had a gross weight of 8.4 grams and had a positive Modified Duquenois Field Test for the presence of marijuana.

7. On July 16, 2009, a computerized criminal history (CCH) for Dedric HIGGINBOTHAM, FBI number XXXXXXHA7 was reviewed. The CCH revealed that HIGGINBOTHAM is a convicted felon, having been convicted in 1993, of Conspiracy to Possess for Sale Narcotics Drugs and Attempted Possession of Narcotics Drugs, in the Superior Court of Arizona, Maricopa County.

8. On July 21, 2009, ATF Special Agent Curtis Brunson, an expert in the Interstate Nexus of firearms, determined that the Ruger, .45 caliber, blue steel handgun,

serial number 66345257 and the Derringer, .38 caliber handgun, serial number PR0871 were both manufactured outside the state of Michigan after 1898 and therefore both traveled in and affected interstate commerce.

9. Based on the aforementioned facts, I have probable cause to believe that Dedric HIGGINBOTHAM, year of birth 1969, a convicted felon, did knowingly and intentionally possess a Ruger, .45 caliber, blue steel handgun, serial number 66345257 and a Derringer, .38 caliber handgun, serial number PR0871, which both traveled in and affected interstate commerce, in violation of Title 18 U.S.C. Sections 922(g)(1), and did knowingly possess with intent to distribute a controlled substance, namely cocaine base, in violation of Title 21 U.S.C. Section 841(a)(1), and possessed the previously mentioned Ruger firearm in furtherance of the drug trafficking crime of possession with intent to distribute controlled substances, in violation of Title 18 U.S.C. Section 924(c). Said violations all occurred on July 9, 2009, in the City of Detroit, County of Wayne, Eastern Judicial District of Michigan.

_____
Special Agent Jarrod A. Marsh
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and subscribed to before me
on this 6th day of August 2009.

_____
Steven Whalen
United States Magistrate/Judge

08/06/2009
Date